## GEER v. MILLER.  (No. 1798.)

(Court of Civil Appeals of Texas. El Paso. Oct. 29, 1925.)

1. **Appeal and error** ⬡⟳882(19)—**Damages** ⬡⟳ 159(7) — **Defendant, proving on cross-examination that cost of repairing automobile was less than collision damages claimed, held not entitled to predicate error on verdict allowing cost of repairs.**

In action for damages to an automobile by collision, where plaintiff's testimony was directed to the difference in market value of car immediately before and after injury, but defendant, on cross-examination, elicited from plaintiff amount of repair bill considerably less than amount of damage claimed, and the admission that car was apparently as good as before the accident, he could not predicate error on jury's allowance of cost of repairs, nor did the damages so allowed constitute a recovery of damages not pleaded or a variance between pleading and evidence or recovery on cause of action not pleaded.

2. **Evidence** ⬡⟳121(3)—**Written order for repair of automobile at defendant's expense, given at time of collision, held admissible as part of res gestæ.**

In action for damages to automobile by collision, writing given by defendant to plaintiff at time of accident, directing mechanic to fix up plaintiff's car at his expense, *held* admissible in evidence as part of res gestæ, and an implied admission of his fault, and was not a mere offer to compromise.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by J. A. Miller against R. H. Geer. Judgment for the plaintiff, and the defendant appeals. Affirmed.

John T. Hill, of El Paso, for appellant.
R. B. Redic, of El Paso, for appellee.

HIGGINS, J. While driving upon a public highway in their respective automobiles, appellant and appellee collided, damaging both cars. This suit was brought by Miller to recover the damages thus sustained by him.

The only competent evidence of the difference in the market value of the car immediately before and after injury was the testimony of appellee's witness Drummond, who fixed the same at $250. This witness also testified that the car could not be put back in as good condition as it was before the accident. He qualified to testify to the facts stated.

[1] Upon the trial the defendant developed upon the cross-examination of the plaintiff that the repair bill amounted to only $72.85, and it cost $5 to tow the car from the place of the accident to the repair shop. The plaintiff also testified that, so far as he could tell, the car was just about as good as it was before the accident. Upon trial, there was a verdict and judgment in favor of Miller for $78. The jury evidently assessed the damages at the cost of the repairs and towing charge. The appellant so assumes, and complains that it was not the proper measure of damages. We are at a loss to understand what ground he has to complain upon that score. He himself developed the evidence upon which the jury based its verdict, and the amount which the jury allowed was less than the only evidence in the record of the difference in the market values before and after the accident. Nor does this matter present, as contended by appellant, a recovery of damages not pleaded, a variance between the pleading and evidence, or a recovery upon a cause of action not pleaded.

The plaintiff sufficiently pleaded his cause of action with a general allegation of damages, and adduced competent evidence in support thereof. The defendant has no cause whatever to complain of the jury's action in assessing the damage upon the basis of the repair bill and towing charge, rather than the evidence of the witness Drummond that the car was worth $250 less after the accident than before, and that it was impossible to repair and put the car back in as good condition as it was before. The error, if

any, on the part of the jury in the assessment of damages, was in favor of appellant.

[2] When the accident occurred the appellant gave appellee the following:

"7—8—24.

"Pixley please fix up this car and I'll pay for it. R. H. Geer, M6963.

"Community Garage, 1100 Block Oregon St."

He complains of its admission in evidence. The matter presents no error, for the reason it was a part of the res gestæ and an implied admission by appellant at the time of the accident of his fault in causing the same. It was not a mere offer to compromise, as the appellee asserts.

Affirmed.